**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|                                        |     |                              |
|----------------------------------------|-----|------------------------------|
| JOHN DUTCHER,                          | )   |                              |
|               Plaintiff,               | )   |                              |
|                                        | )   |                              |
|                                        | )   |                              |
|          v.                            | )   | **CIVIL ACTION**             |
|                                        | )   | **NO. 25-11776-DHH**         |
| U.S. DEPARTMENT OF VETERAN             | )   |                              |
| AFFAIRS, et al.,                       | )   |                              |
|               Defendants.              | )   |                              |
|                                        | )   |                              |

**ORDER**

**March 23, 2026**

Hennessy, M.J.

Before the Court is Defendants Sally Nieves and RCAP Solutions, Inc.'s ("RCAP") (collectively "the RCAP Defendants") motion to dismiss,[1] (Docket #15), which pro se Plaintiff, John Dutcher, has opposed, (Docket #13).  Also before the court is Defendants Jim Seney and the U.S. Department of Veterans Affairs' (the "VA") (collectively "the Government Defendants") motion to dismiss.[2]  (Docket #25).  Although Dutcher did not file a written opposition to this motion, the time for such filings has passed.  See D. Mass. L.R. 7.1(b)(2).  A scheduling conference was held on August 12, 2025, at which the court heard from the parties regarding the case and its

---

[1] The RCAP Defendants' motion to dismiss was initially filed on June 25, 2025.  (Docket #10).  This motion contained a scrivener's error where the introductory sentence referenced Rule 12 of the "Massachusetts" Rules of Civil Procedure instead of the intended "Federal" Rules of Civil Procedure.  On July 3, 2025, the RCAP Defendants filed a corrected motion to dismiss, changing this single word.  (Docket #15).

[2] Both Nieves, the Director of RCAP Solutions, and Seney, the Head of Homeless and Housing Program at the VA, are sued in their official capacity.  (Docket #16-1 at 3).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).

merits. (Docket #36). These matters are now ripe for adjudication. For the reasons that follow, the motions to dismiss are ALLOWED.

I.    BACKGROUND

Dutcher, a veteran, attempted to secure assistance under the U.S. Department of Housing and Urban Development – Veterans Affairs Supportive Housing ("HUD-VASH") program.[3] (Docket #16-1 at 6). RCAP initially determined Dutcher was not eligible for the program on February 24, 2025. (Docket #16 at 7). Dutcher appealed the determination, and, on March 18, 2025, RCAP informed Dutcher that it had decided to "continue with the process for your eligibility for the program." (Id. at 14). On April 15, 2025, RCAP informed Dutcher that he was not eligible for the program due to his status as a sex offender. (Id. at 6, 15).

On May 21, 2025, Dutcher filed a motion for a temporary restraining order in the Worcester County Superior Court seeking to enjoin the Defendants from further denial or delay of Dutcher's participation in the HUD-VASH program and to order Defendants to immediately process and issue a HUD-VASH housing voucher to Dutcher in accordance with that program's guidelines. (Docket #16-1 at 3-4). Dutcher then filed a complaint in Worcester Superior Court on May 23, 2025, in which he states that he seeks to have Defendants comply with the relevant regulations and issue Dutcher a housing voucher. (Id. at 23-24). On June 18, 2025, the Government Defendants removed the action to federal court. (Docket #1).

---

[3] The HUD-VASH program combines HUD's Housing Choice Voucher rental assistance for homeless veterans with case management and clinical services provided by the VA. Section 8 Housing Choice Vouchers: Implementation of the HUD-VASH Supportive Housing Program, 73 Fed. Reg. 25026 (May 6, 2008). RCAP is an administrator of the HUD-VASH program. RCAP Solutions (last visited March 23, 2026) https://www.rcapsolutions.org/additional-voucher-programs/.

2

II.     LEGAL PRINCIPLES AND ANALYSIS

The Defendants have moved to dismiss the instant action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  Ayyadurai v. Galvin, 560 F. Supp. 3d 406, 410 (D. Mass. 2021) (quoting Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin. 62 F.3d 37, 39 (1st Cir. 1995)).  For the reasons discussed below, the court finds that the Defendants' motion to dismiss is properly granted under Rule 12(b)(1) for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss an action for lack of subject-matter jurisdiction.  When a court considers a 12(b)(1) motion, "it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  The court may also consider "whatever evidence has been submitted, such as the depositions and exhibits submitted."  Id. (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)).  Because the court reviews all the well-pleaded facts and draws all reasonable inferences in the plaintiff's favor, "[t]he analytical lens through which a court reviews a Rule 12(b)(1) motion is . . .  nearly identical to that employed on a Rule 12(b)(6) motion."  Municipality of San Sebastian v. Puerto Rico, 89 F. Supp. 3d 266, 273 n.1 (D.P.R. 2015).  A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction."  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).

The plaintiff bears the burden of proving subject-matter jurisdiction.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Because Dutcher is proceeding pro se, this court must

3

liberally construe his filings.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "However, pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

In both his complaint and his motion for a temporary restraining order, the only relief sought by Dutcher is the issuance of a HUD-VASH housing voucher.  (Docket #16-1 at 3-4, 23-24).  This court is without jurisdiction to provide such relief.

In 1988, Congress passed the Veterans' Judicial Review Act ("VJRA"), "which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts."  Zuspann v. Brown, 60 F.3d 1156, 1158 (5th Cir. 1995).  The VJRA provides, in pertinent part, that the "Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans[.]"[4]  38 U.S.C. § 511(a).  This provision "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits[.]"  Price v. United States, 228 F.3d 420, 421 (D.D.C. 2000).  This is true even where a plaintiff attempts to fashion their benefits dispute as another cause of action.  Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994).  Instead, "VA benefits determinations are reviewed under a separate appeals process, first by the Board of Veterans' Appeals, then the Court of Appeals for the Federal Circuit, and, ultimately, the Supreme Court of the United States."  Newcombe v. United States, 933 F.3d 915, 917 (8th Cir. 2019) (citing 38 U.S.C. §§ 7104, 7252(a); 7292; 28 U.S.C. § 1254).

Because Dutcher is clearly seeking to obtain a VA benefit, this court is without jurisdiction to entertain his claim.  See Bactong v. United States Veterans Admin., 663 F. Supp. 10, 10 (D.D.C.

---

[4] As used in the VJRA, a "benefit" is "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors."  38 C.F.R. § 20.3(e).

4

1987) ("The substance of Plaintiff's case is clearly to obtain VA benefits and as such is not reviewable by this Court"); Bluestein v. Levenson, No. 12-cv-021-JL, 2012 WL 4472015, at *3 (D.N.H. Sept. 26, 2012) (holding that the VJRA deprived the district court of jurisdiction to hear plaintiff's challenge to VA's decision to eject him from the HUD-VASH program because such challenges must be pursued before the Board of Veterans Appeals); Smart v. United States Dep't of Veteran Affairs, 759 F. Supp. 2d 867, 873 (W. D. Tex. 2010) (holding that federal district court did not have subject matter jurisdiction over plaintiff's claim that he had been wrongfully denied admission to the HUD-VASH program).  If Dutcher wishes to pursue his challenge to the decision to deny his participation in the HUD-VASH program, he must pursue that challenge before the Board of Veterans Appeals.  See 38 U.S.C. § 7104(a).

IV.    CONCLUSION

For the foregoing reasons, I hereby ORDER that the motions to dismiss (Docket #15, 25) be ALLOWED and that Nieves' and RCAP's uncorrected motion to dismiss (Docket #10) be DENIED AS MOOT.  This case is hereby DISMISSED WITHOUT PREJUDICE.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

5